IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LAQUAN DESHAE STONE,**

    Plaintiff,

v.                                                                              Civil Action No. **3:19CV519**

**HAROLD W. CLARKE,** *et al.***,**

    Defendants.

## MEMORANDUM OPINION

Laquan Deshae Stone, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous and malicious.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i–ii); *see* 28 U.S.C. § 1915A(b). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Allegations

"On July 27, 1998, [Stone] was found guilty by [a] jury of one count of murder and one count of use of a firearm in the Circuit Court of the City of Danville [("Circuit Court")]. On September 3, 1998, [Stone] was sentenced by the court to thirty-three years' imprisonment." (Compl. ¶ 18, ECF No. 1.) During the course of Stone's criminal trial, the Circuit Court failed to instruct the jury that Virginia had abolished parole. (*Id.* ¶¶ 21–23.) Stone did not raise the issue regarding the abolition of parole on his direct appeal. (*Id.* ¶ 25.) In 2018, the Circuit Court denied Stone's Motion to Vacate wherein he complained that the Circuit Court had erred in failing to advise the jury that parole had been abolished. (ECF No. 1–3, at 2.)

In this § 1983 action, Stone named as Defendants: Harold W. Clarke, the Director of the Virginia Department of Corrections; Joseph W. Milam, Jr., the Chief Judge of the Circuit Court and the successor of the judge who imposed Stone's sentence; Michael J. Newman, the

3

Commonwealth of Attorney for the City of Danville; and, Gerald A. Gibson, the custodian of records for the Circuit Court. (Compl. ¶¶ 7–10.)

Stone contends that he is entitled to relief on the following grounds:

| | |
|---|---|
| Count I | Defendants violated Stone's constitutional rights by failing to inform the jury that Stone would not be eligible for parole. (*Id.* ¶¶ 29–37.) |
| Counts II and III | Defendants violated Stone constitutional rights when they failed to grant relief on Stone's Motion to Vacate, which raised the issue that the jury had not been informed about the abolition of parole. (*Id.* ¶¶ 38–46.) |

Stone requests that the Court:

    (a) Issue an order adjudging and declaring that the wrongful actions of the defendants deprived plaintiff of his right to a fair trial pursuant to the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution;
    (b) Issue an order directing defendant to conducts an evidentiary [hearing] to determine if plaintiff should be resentenced . . .
    (c) Issue an order directing defendants to immediately make a determination regarding the possibility of early release . . . .

(*Id.* at 12.)

### III. Analysis

The Court finds it both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Stone's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). The Court will also dismiss Stone's claims for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

Stone seeks the invalidation or vacation of his criminal sentence because Virginia abolished parole in 1995, three years before his 1998 conviction, and the state trial court did not

instruct the jury on this fact. *See Fishback v. Commonwealth*, 532 S.E.2d 629, 634 (Va. 2000) (Virginia Supreme Court directing that "henceforth juries shall be instructed, as a matter of law, on the abolition of parole for non-capital felony offenses committed on or after January 1, 1995"). The notion that Stone may seek, through a civil suit, the vacation or alteration of his criminal convictions and sentence, "is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In *Heck*, the Supreme Court emphasized that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions, such as the instant § 1983 case, which do not directly challenge confinement but instead contest procedures that necessarily imply unlawful confinement. 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

5

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Stone requests that the Court declare "that the wrongful actions of the defendants deprived [Stone] of his right to a fair trial pursuant to the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution." (Compl. 12.) Additionally, Stone asks the Court to issue orders determining whether he should be resentenced or released. (*Id.*) Stone does not articulate, and the Court does not discern, how he could be entitled to such relief and not simultaneously invalidate the fact or duration of his confinement. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 481–90; *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release from [custody], his sole federal remedy is the writ of habeas corpus").

Because success on his claims necessarily implies invalid confinement, under the second prong of the *Heck* analysis, Stone must demonstrate a successful challenge to his current conviction. *Heck*, 512 U.S. at 487. Stone makes no allegation that the state court has invalidated his current convictions or sentence. *Id.* at 486–87. Thus, *Heck* and its progeny bar all of Stone's claims.

### IV. Conclusion

For the foregoing reasons, Stone's claims and the action will be DISMISSED WITH PREJUDICE for failure to state a claim and as legally frivolous. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: July 14, 2020
Richmond, Virginia